```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

DAVID WILLIAMS,                 )
                                )
          Plaintiff,            )
                                )
     v.                         )
                                )   C.A. No. 14-12685-PBS
                                )
UMASS CORRECTIONAL HEALTH CARE, )
et al.,                         )
                                )
          Defendants.           )
                                )

## MEMORANDUM AND ORDER

Saris, C.J.

For the reasons set forth below, the Court orders that summonses issue as to eight defendants and directs the plaintiff to show cause why the other defendants should not be dismissed.

## I.   Introduction

State inmate David Williams was a named plaintiff in <u>Stote v. UMass Correctional Health</u>, C.A. No. 13-10267-NMG, a civil rights action filed by MCI Norfolk inmate John E. Stote in which he and over one hundred other prisoners claimed that medical care at MCI Norfolk was inadequate.  In an order dated June 25, 2014, the Court ordered that the claims of each plaintiff be severed and that a separate case be opened up for each individual plaintiff.  See <u>id.</u> (docket entry #20).  Williams has since paid the $400 filing fee for his separate action.

Williams alleges that he suffers from broken toes, bunions, and severe toe fungus.  He also complains that the toes of one of his feet are black, possibly from bad circulation.  According to the complaint, a Dr. King, the podiatrist at MCI Norfolk, wishes

to address all of the Williams' foot problems, but is not able to do so.  The plaintiff further complains that prison officials will not issue him a bottom bunk pass, thus requiring him to climb into a top bunk even though he cannot use one of his feet to climb in to bed.  Williams alleges that "[m]edical is well aware of the issue, both his provider and HSA Atkins have done nothing to help him, the DOC is aware and has done nothing to help the situation."  See Complaint (docket entry #1) at 72-73.[1]

## II. Discussion

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening.  This statute authorizes a federal court to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, the complaint lists eighteen defendants in the case caption.  However, when reading Williams's statement of claim in

---

[1] For purposes of this action, the operative complaint will consist of the factual allegations common to all of the plaintiffs in the original Stote action, see complaint (docket entry #1) at 1-22, factual allegations unique to Williams, see id., 46-47, claims for relief, see id. at 173-185, and Williams's signature on the first page of the signatures at the end of the complaint.

conjunction with the common portions of the complaint, only the claims against the following eight defendants survive preliminary screening: (1) UMass Correctional Health Care; (2) Massachusetts Department of Correction; (3) Luis Spencer, then- Commissioner of Correction; (4) Thomas Groblewski; (5) Rebecca Lubelczyk; (6) Maureen Atkins, Health Services Administrator; (7) Gary Roden, Superintendent; (8) Cynthia Sumner, Deputy Superintendent.

The claims against the remaining ten[2] defendants are subject to dismissal because the Court cannot reasonably infer from the alleged facts that these ten defendants were in any way involved in the denial of medical care to Williams. To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to

---

[2]The remaining ten defendants are: (1) UMass Medical School; (2) Commonwealth of Massachusetts; (3) Governor Deval Patrick; (4) Ellen Kurtz; (5) Linda Booth; (6) Catherine Burke; (7) Dr. King; (8) Lawrence Weiner; (9) Herbert Ddungo; and (10) Dyana Nicki.

nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). Williams's failure to allege any misconduct by these ten defendants in relation to his medical care falls short of this threshold pleading standard.[3]

If the plaintiff wishes to pursue claims against any of these ten defendants, he may file an amended complaint in which he sets forth the alleged misconduct of the defendant. Even if Williams elects to bring claims only against the eight defendants as to whom summonses will issue, he may file an amended complaint.

Because an amended complaint completely replaces the original complaint, see Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), Williams should repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint. The plaintiff may also find it helpful to review the portions of Judge Gorton's June 25, 2014 order concerning the drafting of an amended complaint.

**III. Conclusion**

1. The Clerk shall issue summonses as to defendants: (1) UMass Correctional Health Care; (2) Massachusetts Department of Correction; (3) Luis Spencer, Commissioner of Correction; (4) Thomas Groblewski; (5) Rebecca Lubelczyk; (6) Maureen

---

[3]Williams does allege that Dr. King was involved in his medical care, but the plaintiff does not alleged that the doctor engaged in any misconduct. Rather, the plaintiff represents that Dr. King wanted to treat the plaintiff's medical issues but was prevented from doing so.

Atkins, Health Services Administrator; (7) Gary Roden, Superintendent; and (8) Cynthia Sumner, Deputy Superintendent. Summonses shall not issue at this time as to the remaining ten defendants.

2.  The plaintiff must serve the defendants as to whom summonses have issued in accordance with Rule 4 of the Federal Rules of Civil Procedure. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this order to complete service.

3.  The plaintiff's claims against defendants (1) UMass Medical School; (2) Commonwealth of Massachusetts; (3) Governor Deval Patrick; (4) Ellen Kurtz; (5) Linda Booth; (6) Catherine Burke; (7) Dr. King; (8) Lawrence Weiner; (9) Herbert Ddungo; and (10) Dyana Nicki shall be dismissed in forty-two (42) days of the date of this order unless the plaintiff files an amended complaint in which he sets forth with clarity the alleged misconduct of each defendant.

4.  If served with a summons, the defendants are required to respond to the complaint. See 42 U.S.C. § 1997e(g)(2).

SO ORDERED.

 3/23/2015           /s/ Patti B. Saris
DATE                 PATTI B. SARIS
                     CHIEF, U.S. DISTRICT JUDGE